**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1006**

———————

HERASMA ORDONEZ PEREZ; ELDER MAUDIEL ESCALANTE ORDONEZ;
SEIDY CONSUELO GOMEZ LUCAS,

        Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immagration Appeals.

———————

Submitted: August 29, 2023              Decided: August 31, 2023

———————

Before KING, AGEE, and BENJAMIN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:** William J. Vasquez, VASQUEZ LAW FIRM, PLLC, Smithfield, North Carolina, for Petitioners. Brian M. Boynton, Acting Assistant Attorney General, Jennifer R. Khouri, Senior Litigation Counsel, James A. Hurley, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herasma Ordonez Perez, along with her son and daughter-in-law, Elder Maudiel Escalante Ordonez and Seidy Consuelo Gomez Lucas (collectively, "Petitioners"), natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's denial of Petitioners' consolidated applications for asylum and withholding of removal.[*]  We deny the petition for review.

Petitioners' lead argument challenges the immigration judge's decision to take judicial notice of a specific fact related to the Zetas crime organization, which was one basis for the immigration judge's frivolity finding.  Upon review, we agree with the Attorney General that this issue was not administratively exhausted because Petitioners did not raise it on appeal to the Board, *see* 8 U.S.C. § 1252(d)(1), and thus it is not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").

Petitioners also challenge the immigration judge's adverse credibility finding, which the Board affirmed on clear error review.  We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's

---

[*] Petitioners do not challenge the denial of their request for protection under the Convention Against Torture (CAT).  Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

We have reviewed this issue in light of the administrative record, including the transcript of Petitioners' merits hearing and the supporting evidence, and the relevant legal authorities. Despite Petitioners' argument to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding—and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). *See also Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we deny the petition for review as amended. *In re Ordonez Perez* (B.I.A. Dec. 2, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3